This civilian pay case is before the court on the parties’ cross-motions for summary judgment. We are satisfied from our examination of the record and consideration of the parties’ oral arguments that plaintiffs removal from his employment at the Veterans Administration Hospital in San Antonio, Texas, was not unlawful, and we therefore grant defendant’s cross-motion for summary judgment.
Plaintiff, a nurse anesthetist, was employed by the Veterans Administration Department of Medicine and Surgery at Audie L. Murphy Memorial Veterans Hospital in San Antonio, Texas. Following an incident in the hospital’s recovery room involving alleged misconduct by plaintiff, a professional standards board (PSB) was convened[1] in 1976 to review plaintiffs professional competency. Plaintiffs complete employment record was considered by the PSB. In addition, the PSB conducted its own hearings to evaluate plaintiffs professional competency. Plaintiff, along with several other members of the hospital staff, appeared before the PSB at these hearings. Based on its review, the PSB recommended that plaintiff should be removed from all patient care responsibilities in anesthesia at the hospital.
Since the hospital’s personnel officer found that the reassignment of plaintiff to a position with no direct patient care was not feasible, the hospital’s director, Jose R. Coronado, decided that plaintiffs retention was not in the best interest of either the hospital or the Veterans Administration. Therefore, on November 11, 1976, Coronado submitted a request for disciplinary action.
On April 12, 1977, plaintiff received notice of his proposed discharge from Thomas J. Fitzgerald, M.D., Associate *716 Deputy Chief Medical Director for Operations. The notice described the charges against plaintiff in support of the proposed removal[2] and also transmitted a copy of the evidence file, including the record of the PSB, upon which these charges were based. On receipt of this notice, plaintiff requested a hearing before the disciplinary board[3] which had been convened to investigate his case. Plaintiffs request was granted and over 20 witnesses, including plaintiff and his attorney, testified before the disciplinary board. The disciplinary board recommended that plaintiff should be discharged since it found that the charges against plaintiff were sustained by sufficient evidence. On September 23, 1977, John D. Chase, M.D., Chief Medical Director, informed plaintiff of his decision to discharge plaintiff. That decision was affirmed by Max Cleland, Administrator, on January 31, 1978.
Plaintiff thereafter filed suit for back pay and reinstatement in the United States District Court for the Western District of Texas; by order dated July 5,1979, plaintiffs suit was transferred to this court. Pursuant to Rule 101, plaintiff now moves for summary judgment on the grounds that the hearings conducted by the disciplinary board violated his fifth amendment right to due process of law and the Veterans Administration own regulations. Specifically, plaintiff alleges that he may have been able to prove the predisposition of the disciplinary board if his attorney had been given the opportunity to inquire into the backgrounds of the board’s members. In any event, plaintiff maintains that the disciplinary board considered impermissible evidence and that his dismissal is not supported by substantial evidence.
Plaintiffs claim that his dismissal violated his fifth amendment right to due process is without merit. We find that the procedural protections provided in 31 U.S.C. § 4110 (1976), and the related VA regulations adequately protected plaintiffs property interest in the retention of his employment. Plaintiffs dismissal comported with this authority, *717 and as such, we hold that plaintiff was not deprived of the right to due process.
VA regulations do not give plaintiff the right to subject the members of the disciplinary board to a voir dire. Under the regulations, plaintiff had a right to move for the disqualification of a particular board member if that member "initiated or participated in the initiation of charges, or if his relationship with the employee charged creates a question of bias, pro or con.”[4] We find that the regulation adequately protects plaintiffs interest, i.e., that his disciplinary proceedings would be conducted by an objective board, and we therefore decline to enlarge plaintiffs rights under the regulation. Absent any specific allegations of misconduct, bias, or prejudice, we hold that the disciplinary board was properly appointed by the chief medical director.
Plaintiff also complains that the disciplinary board did not adhere to the standards set forth in VA regulations when it allowed a witness to testify about an alleged offense which had not been specified in the letter of charges. The regulation provides that "[e]vidence related to any offense not specified in the letter of charges will be considered irrelevant, and will not be examined at the hearing.”[5] Although this particular incident was not among the seven offenses specified to support the general charge of inapti-tude and inefficiency, we find that the testimony bore on the general charge and t]tius constituted a legitimate area for examination by the disciplinary board.
We likewise find no reason to deny the disciplinary board access to the record of the PSB proceedings. Plaintiff contends that the record is prejudicial since he alleges that substantial errors regarding the nature of his testimony were made in the transcript. Since plaintiff was provided with his own copy of the PSB record, he should have brought to the attention of the disciplinary board these alleged inconsistencies. Based on the mere allegation and nothing more, we are unable to find that the PSB record was improperly before the disciplinary board.
*718 Plaintiffs final argument is that his dismissal is not supported by substantial evidence. Since we find that the evidence fully sustains plaintiffs dismissal from the hospital, we do not disturb the administrator’s decision.
it is therefore ordered that plaintiffs motion for summary judgment is denied. Defendant’s cross-motion for summary judgment is granted; the petition is dismissed.

 The PSB was convened in accordance with the provisions contained in chapter 6 of the Department of Medicine and Surgery (DM&S) Supplement to VA Personnel Policy.

 The charges focused on plaintiffs questionable professional competency along with his apparent inability to get along with other members of the hospital staff.

 This board was appointed by John D. Chase, M.D., Chief Medical Director, pursuant to 38 U.S.C. § 4110 (1976), and in accordance with the provisions contained in chapter 8 of the DM&S Supplement to VA Personnel Policy.

 DM&S Supplement to VA Personnel Policy, MP-5, Part II, ch. 8, § C, ¶ 4d.

 DM&S Supplement to VA Personnel Policy, MP-5, Part II, ch. 8, § C, ¶ 4f.